**PRESTIGE LEGAL SOLUTIONS, P.C.**
Michelle Yang, Esq. (SBN 325467)
myang@plsfirm.com
6420 Wilshire Blvd., Ste. 200
Los Angeles, CA 90048
Telephone: (310) 933-6626
Fax: (310) 933-5821

Attorney for Plaintiffs,
**RENEE L. OHARE**
**and SIMONE GENOVESE**

*PRESTIGE LEGAL SOLUTIONS, P.C.*
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE L. OHARE, an individual, and SIMONE GENOVESE, an individual,<br><br>       Plaintiffs,<br><br>  vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: **'23CV0378 JLS  DDL**<br><br>COMPLAINT<br><br>1. **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**<br><br>2. **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**<br><br>3. **VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**<br><br>4. **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>5. **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

1    Plaintiffs Renee L. Ohare and Simone Genovese ("Plaintiffs") allege as

2    follows:

3                                    **FEDERAL JURISDICTION**

4        1.      This court has jurisdiction as federal question and has met the amount

5    in controversy pursuant to 15 USC § 2310(d)(3).

6        2.      This court has ancillary jurisdiction over the balance of plaintiff's

7    claims.

8                                        **PARTIES**

9        3.      As used in this Complaint, the word "Plaintiffs" shall refer to

10   Plaintiffs Renee L. Ohare and Simone Genovese.

11       4.      Plaintiffs are, and at all times relevant herein were, residents of San

12   Diego, California.

13       5.      As used in this Complaint, the word "Defendant" shall refer to

14   Defendant BMW of North America, LLC (hereinafter BMWNA).

15       6.      Defendant is, and at all times relevant herein was, a limited liability

16   company organized under the laws of the State of Delaware and registered to

17   conduct business in California. At all times relevant herein, Defendant was

18   engaged in the business of designing, manufacturing, assembling, producing,

19   constructing, marketing, distributing, and/or selling consumer goods, including

20   but not limited to motor vehicles and motor vehicle components.

21       7.      Plaintiffs hereby revoke acceptance of their 2020 BMW 330i, VIN

22   WBA5R1C03LFH48840 ("Subject Vehicle").

23       8.      Plaintiffs hereby demand a jury trial on all causes of action asserted

24   herein.

25   / / /

26   / / /

27   / / /

28

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

1

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD, STE. 200, LOS ANGELES, CA 90048

**FIRST CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

9.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

10.    On or around May 17, 2020, Plaintiffs leased Subject Vehicle. Subject Vehicle is a used consumer good, as the term is defined by California Civil Code section 1791(a).[1]  Subject Vehicle was manufactured and/or distributed by Defendant.

11.    Plaintiffs leased and used Subject Vehicle primarily for personal, family, or household purposes. Plaintiffs leased Subject Vehicle from a person or entity engaged in the business of manufacturing, distributing, selling, or leasing consumer goods at retail.

12.    When the Subject Vehicle was leased, Plaintiffs received express written warranties in which Defendant undertook to preserve or maintain the utility or performance of Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a nonconformity developed within Subject Vehicle during the applicable warranty period, Plaintiffs could deliver Subject Vehicle for repair to Defendant's authorized service and repair facilities and Subject Vehicle would be repaired.

13.    During Plaintiffs' ownership of Subject Vehicle, the Subject Vehicle manifested defects covered by Defendant's express written warranties. These defects include, but are not limited to the following: steering, electrical, mirror and software (Subject Vehicle's "defects").  These defects substantially impair the use, value, and/or safety of Subject Vehicle to Plaintiffs.

---

[1] All subsequent references to the Civil Code refer to the California Civil Code.

14.    Plaintiffs delivered Subject Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects.

15.    On or about October 15, 2021, Plaintiffs made their first complaint about the steering on Subject Vehicle upon presentation to BMW of San Diego.

16.    BMW of San Diego is a dealer, which BMWNA has authorized to perform repairs necessary on vehicle, including the Subject Vehicle, to conform it to its warranty.

17.    BMW of San Diego is an agent of BMWNA for the purposes of perform under the warranty it provided plaintiffs for the Subject Vehicle.

18.    Plaintiffs subsequently reported additional defects with the steering in Subject Vehicle to BMW of San Diego:

a.  December 7, 2021

b.  January 14, 2022

c.  July 11, 2022

d.  July 22, 2022

e.  September 27, 2022

19.    Defendant and/or its authorized service and repair facilities failed to service or repair Subject Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so.

20.    BMWNA notified BMW of San Diego to tell Plaintiff that the steering defects are normal and characteristic of the Subject Vehicle.

21.    Despite this fact, Defendant failed to promptly replace Subject Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2(d).

22.    No information was provided to Plaintiff prior to, or at the time of sale, about the difficulty and delay that would follow in the ability to set an appointment to have repair performed, or to obtain parts. The inability to timely complete repairs renders Defendant's warranty deceptive.

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

23.     The Magnuson Moss Warranty Act defines a deceptive warranty as follows:

> For the purposes of this subsection, the term "deceptive warranty" means (A) a written warranty which (i) contains an affirmation, promise, description, or representation which is either false or fraudulent, or which, in light of all of the circumstances, would mislead a reasonable individual exercising due care; or (ii) fails to contain information which is necessary in light of all of the circumstances, to make the warranty not misleading to a reasonable individual exercising due care; or (B) a written warranty created by the use of such terms as "guaranty" or "warranty", if the terms and conditions of such warranty so limit its scope and application as to deceive a reasonable individual.

See, 15 USC 2310(c)(2).

24.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations under Civil Code section 1793.2(d), and therefore bring this cause of action pursuant to Civil Code section 1794.

25.     No later than October 13, 2022, Plaintiffs demanded that BMWNA repurchase the Subject Vehicle.

26.     Prior to December 19, 2022, Defendant had not determined the number of days that Subject Vehicle had been out for repairs being made pursuant to the warranty.

27.     Prior to December 19, 2022, Defendant obtained repair orders from any of its dealerships that performed repairs pursuant to the warranty on Subject Vehicle.

28.     Prior to December 19, 2022, Defendant had the opportunity to request an inspection of Subject Vehicle.

29.     Prior to December 19, 2022, Defendant made no effort to inspect Subject Vehicle.

30.     Prior to December 19, 2022, Defendant knew plaintiff had demanded that Defendant repurchase Subject Vehicle.

31.    Prior to December 19, 2022, Defendant knew that per Civil Code § 1793.2(d)(2) it had an affirmative duty to promptly repurchase or replace vehicles.

32.    Defendant had an opportunity to repurchase Subject Vehicle prior to December 19, 2022.

33.    Prior to December 19, 2022, Defendant determined that it had no legal duty to repurchase Subject Vehicle.

34.    Prior to December 19, 2022, Defendant made no offer to repurchase Subject Vehicle.

35.    Prior to January 20, 2021, Defendant made no offer to repurchase Subject Vehicle.

36.    Rather than complying with its affirmative, statutory duty to "promptly" repurchase vehicles that have not been conformed to the warranty, Defendant opted to contest Plaintiff's allegations.

37.    Rather than complying with its affirmative, statutory duty to "promptly" repurchase vehicles that have not been conformed to the warranty, Defendant opted to contest Plaintiff's allegations.

38.    Defendant has and continues to have an affirmative duty to *promptly* repurchase or replace vehicles that have failed to conform to the warranty within a reasonable number of repair attempts.  Defendant has deliberately, knowingly and willfully failed to repurchase or replace the Subject Vehicle.

39.    Plaintiffs are informed and believes and upon this basis alleges as fact that Defendant is more concerned about denying Plaintiff's right to a jury trial than repurchasing Subject Vehicle.

40.    Defendant's failure to comply with its obligations under Civil Code section 1793.2(d) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them.  Accordingly, Plaintiffs are entitled to a civil penalty of up to two times Plaintiffs' actual damages, pursuant to Civil Code section 1794(c).

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 2000, LOS ANGELES, CA 90048

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

**SECOND CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

41.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

42.    Defendant maintains service and repair facilities and/or designates independent service and repair facilities (Defendant's "representatives"). Defendant's representatives are intended to carry out the terms of Defendant's express warranties.

43.    Although Plaintiffs presented Subject Vehicle to Defendant's representatives in this state for repair of Subject Vehicle, Defendant and/or its representatives failed to commence repairs within a reasonable time, in violation of Civil Code section 1793.2(b).

44.    Although Plaintiffs presented Subject Vehicle to Defendant's representatives in this state for repair of Subject Vehicle, Defendant and/or its representatives failed to complete repairs within thirty days, in violation of Civil Code section 1793.2(b).  Plaintiffs did not extend the time for completion of repairs beyond the requisite thirty days.

45.    Plaintiffs have been damaged by Defendant's and/or its representatives' failure to comply with Civil Code section 1793.2(b). Thus, Plaintiffs bring this cause of action pursuant to Civil Code section 1794.

46.    Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of Subject Vehicle and have exercised their right to cancel the contract. By serving this Complaint, Plaintiffs do so again.

47.    Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them.  Accordingly,

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

**THIRD CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

48.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

49.    In violation of Civil Code section 1793.2(a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and/or replacement parts to effect repairs during the express warranty period.

50.    Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore bring this cause of action pursuant to Civil Code section 1794.

51.    Defendant's failure to comply with its obligations under Civil Code section 1793.2(a)(3) was willful, in that Defendant knew of its legal obligations and intentionally declined to follow them. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages, pursuant to Civil Code section 1794(c).

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**(CIV. CODE § 1791.1; § 1794)**

52.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

53.    Pursuant to Civil Code section 1792, the sale of Subject Vehicle was accompanied by Defendant's implied warranty of merchantability.  Pursuant to

Civil Code section 1791.1(c), the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

54.     Due to the aforementioned defects, Subject Vehicle was not of the same quality as those generally acceptable in the trade; did not pass without objection in the trade; was not fit for the ordinary purposes for which such goods are used; was not adequately contained, packaged, and labeled; and/or did not measure up to the promises or facts stated on the container or label.

55.     The Subject Vehicle was not substantially free of defects at the time of Plaintiffs acquisition.

56.     Plaintiffs were harmed by the breach of the implied warranty of merchantability.

57.     Defendant's failure to comply with its obligations under the implied warranty was a substantial factor in causing Plaintiffs' harm. Thus, Plaintiffs bring this cause of action pursuant to Civil Code section 1794.

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT**

**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

58.     Plaintiffs incorporate\ by reference the allegations contained in the paragraphs set forth above.

59.     Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss).

60.     Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

61.     The Subject Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1)"), 15 U.S.C. § 2301(3).

///

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 2000, LOS ANGELES, CA 90048

62.    In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiffs, an implied warranty of merchantability was created under applicable state law remedies.

63.    Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

64.    Plaintiffs have provided Defendant with an opportunity to cure the breach of warranty and conform Subject Vehicle to the applicable warranty.

65.    Plaintiffs have also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

66.    In addition, Plaintiffs have met all of Plaintiffs' obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

67.    As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

68.    Under the Act, Plaintiffs are entitled to reimbursement of the entire amount paid or payable, or alternatively, a replacement vehicle and/or California lemon law remedies.

69.    The Magnuson Moss Act itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1039 (9th Cir.2004).

70.    Plaintiffs are entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

71.    Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and seeks remedies under the Magnuson Moss Act and/or applicable California lemon law remedies.

72.    Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

### PRAYER

Wherefore, Plaintiffs pray for judgment against Defendant as follows:

a.  For Plaintiffs' actual damages in an amount according to proof;

b.  For restitution;

c.  For statutory repurchase;

d.  For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c);

e.  For any consequential and incidental damages in an amount according to proof;

f.  For remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713;

g.  For costs and expenses of the suit, and for Plaintiff's reasonable attorneys' fees, pursuant to Civil Code section 1794(d) and 15 U.S.C. § 2310(d)(2);

h.  For prejudgment interest at the legal rate; and

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., STE. 200, LOS ANGELES, CA 90048

1            i.   For such other equitable or legal relief as the Court may deem

2           proper.

3

4   Dated: February 23, 2023         **PRESTIGE LEGAL SOLUTIONS, P.C.**

5

6                 BY:    */s/ Jeffrey L. Le Pere*

7                       Michelle Yang, Esq.

                         Attorney for Plaintiffs,

8                       **RENEE L. OHARE**

                       **and SIMONE GENOVESE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT